976 F.2d 726
 1992-2 Trade Cases P 69,977
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Brenda J. MAXTON, Plaintiff-Appellant,
v.
WYNN OIL COMPANY, Defendant-Appellee, and
MARKET VALUE USED CARS, INCORPORATED; David O. Pettit;
Transouth Financial Corporation, Defendants.
 No. 91-2369.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 8, 1992
Decided: September 30, 1992
 
 Appeal from the United States District Court for the District of South Carolina, at Spartanburg. William M. Catoe, Jr., Magistrate Judge. (CA-91-334-7-3K)
 James John Raman, Spartanburg, South Carolina, for Appellant. Edward Grainger Smith, BUTLER, MEANS, EVANS & BROWN, Sxpartanburg, South Carolina, for Appellee.
 William L. Duncan, BUTLER, MEANS, EVINS & BROWNE, Spartanburg, South Carolina, for Appellee.
 D.S.C.
 AFFIRMED.
 Before WIDENER, PHILLIPS, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Brenda Maxton appeals from the entry of judgment against her by a United States Magistrate Judge[1] in this action brought pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-12(Act). Finding no error, we affirm.
 
 
 2
 Maxton purchased a used car from Market Value Used Cars, Inc. on July 11, 1990. She also purchased a warranty from Wynn Oil Company (Wynn). The warranty provided that Maxton would receive a kit of Wynn's lubricant products which Maxton was to use as directed. Under the warranty, Wynn agreed to pay the cost of repair or replacement of certain internally lubricated components of the vehicle, provided Maxton had used the products properly.
 
 
 3
 After purchasing her car, Maxton had several costly repairs performed on the vehicle. The parties stipulated that the warranty covered none of these repairs. However, Maxton contended that, because the warranty was not properly identified as a "limited" warranty under the Act, it, instead, was a "full" warranty.[2] She filed suit, claiming that Wynn was liable to her for the repairs undertaken, for the loss of the use of her car while it was being repaired, and for other damages.
 
 
 4
 Following trial, the magistrate judge concluded that the warranty was clearly and conspicuously identified as a limited warranty. He accordingly entered judgment for Wynn. Maxton appeals.
 
 
 5
 The stated purpose of the Act is "to improve the adequacy of information available to consumers, prevent deception, and improve competition in the marketing of consumer products." 15 U.S.C. § 2302(a). In furtherance of its purpose, the Act requires that written warranties "fully and conspicuously disclose in simple and readily understood language the terms and conditions of such warranty." Id. Limited warranties are to be "conspicuously designated" as such. 15 U.S.C. § 2303(a)(2).
 
 
 6
 Regulations promulgated pursuant to the Act require that warranties be designated either "Full" or "Limited." The designation "should appear clearly and conspicuously as a caption, or prominent title, clearly separated from the text of the warranty." 16 C.F.R. § 700.6 (1992). The regulations lack the force or effect of statutes and are not substantive rules. Instead, they are advisory in nature and are intended as interpretations of the Act. 42 Fed. Reg. 36,112 (1977). The clear intention of the regulations, like that ofss 2302 and 2303(a), is that the warranty designation be readily apparent to the consumer.
 
 
 7
 We agree with the magistrate judge that the warranty at issue in this case fully complies with the Act's requirement that a limited warranty be conspicuously designated as such. The words"Limited Warranty" are stamped in red ink diagonally across the top half of the front page of the warranty. The words are at least twice the size of the rest of the print on the page. Additionally, the words command the reader's attention because they are surrounded by red blocks. Clearly, this warranty designation was sufficient under the statute and regulations to disclose to Maxton the fact that she was receiving a limited warranty.
 
 
 8
 Maxton argues on appeal that the magistrate did not address whether the warranty was available to Maxton prior to the sale, as required by the Act. See 16 U.S.C. § 2302(b)(1)(A). Wynn correctly points out that the parties stipulated at trial that the sole issue before the court was whether the warranty was properly designated as a limited warranty. Further the record reflects that the warranty was, indeed, available to Maxton prior to the sale.
 
 
 9
 Because there was full compliance with the Act, the judgment of the district court is
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 The parties consented to trial before a magistrate judge, with further appeal to this court. 28 U.S.C. § 636(c)
 
 
 [2]
 A "full" warranty under the Act meets the minimum standards codified at 15 U.S.C. § 2304. "Limited" warranties do not meet these standards. 15 U.S.C. § 2303(a)